## The Hurrle Glass Company v. H. M. Hooker Company.

### Gen. No. 11,938.

1. ACCORD AND SATISFACTION—*what constitutes.* Where the parties to a controversy, each having full knowledge of the facts and without legal compulsion, meet and settle a disputed account, an accord and satisfaction result and the transactions involved in such settlement are deemed merged therein and not subject to be reopened by either party.

2. CROSS-EXAMINATION—*when improper.* Objections to questions calling for answers as to material facts, are properly sustained upon cross-examination where such questions were not based upon anything asked upon direct examination.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 1, 1905.

Statement by the Court. Appellant, a glass manufacturer of Indiana, in 1900 and 1901, entered into three written contracts with appellee, a wholesale dealer in glass, of Chicago, Illinois, to deliver to the latter 18,000 boxes of glass within stipulated dates. Under the last contract there was a shortage in delivery of nearly 3,000 boxes. In the meantime the price of glass had advanced. In the summer of 1902 appellee was indebted to appellant in the sum of $11,383.29 for glass delivered, but he claimed damages to the amount of about $5,000 because of such shortage, and refused to pay anything on account until such claim was adjusted. In July, 1902, C. J. Hurrle, the secretary of appellant, came to Chicago to effect a settlement. He ahd the general manager of appellee met for that purpose, and at the close of the second interview they agreed upon a reduction and compromise of $2,555. Thereupon appellee, in pursuance of such agreement, paid to appellant the sum of $8,826.04, being the whole amount due less the sum of $2,555 agreed upon as damages, and appellant in consideration of said payment gave to appellee a written receipt "in full settlement to this date of all demands or claims of whatsoever natures; and all contracts are hereby cancelled." Afterward this suit was brought to recover the sum of

$2,555. Upon the foregoing facts appearing in evidence the court directed the jury to return a verdict for appellee. This was done, and judgment was entered against appellant for costs. The present appeal was then perfected.

DUNCOMBE & EVANS, for appellant.

E. C. MAPLEDORAM, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The direction of the court to the jury to return a verdict for the defendant was clearly right. These parties, each having full knowledge of the facts, and neither being under legal compulsion, met to settle a disputed account. After a full discussion of the claims of each at their second interview they agreed upon a contract of compromise and settlement. Thereupon the amount thus found due was paid by the one and accepted by the other, and a receipt in full was given by appellant to appellee. Having made this bargain and having received its benefits, appellant is estopped to reopen the transaction.

Appellant urges that the case should be reversed because the court would not permit it to ask Hayes, a witness called by appellee, if he did not, as a member of the National Window Glass Jobbers Association, in July, 1901, vote to put out all the fires in all the factories in the State of Indiana, and thus bring on the strike of 1901-2; and that if he did not know that such action would be taken when he, acting for appellee, entered into the contracts in evidence. These questions were asked upon cross-examination, but were not based upon anything contained in the examination in chief. Hence the objection to each question was well taken and the ruling of the court thereon was correct.

The judgment of the Superior Court is affirmed.

*Affirmed.*